UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>  Plaintiff, )<br>  )<br>  v. )<br>  )<br>  )<br>HAROL RODRIGO SUAREZ-GARCIA )<br>  a/k/a "Jose Luis Herrera", a/k/a )<br>  "Chico", a/k/a "Dominick", )<br>  )<br>NESTOR DARIO CASTRO, )<br>  a/k/a "Alberto", )<br>  )<br>  Defendants. ) | Crim. No. 06-101 (GK) |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S REQUEST FOR NOTICE OF INTENTION TO USE RULE 404(b) EVIDENCE AT TRIAL

The United States of America, by and through the undersigned attorney, hereby gives notice to the defendants of its intention to admit evidence of uncharged conduct which is direct evidence of, and intrinsic to, the charged conspiracy.

### Factual Background

The defendant has filed a *Request for Notice of Government's Intention to Use Rule 404(b) Evidence at Trial.* The defendant is charged in the present indictment with conspiracy to distribute cocaine, intending and knowing that such cocaine would be imported into the United States. The charged drug conspiracy, which was ongoing in nature, covers the period from October 2004 up to and including April 5, 2006. The

conspiracy was one where the defendants attempted to sell heroin and cocaine in exchange for military grade weapons. The heroin and cocaine would then be imported into the U.S. and the weapons were to be provided to a right wing terrorist organization, the AUC, in Columbia. The Government does not plan to introduce evidence of other crimes outside of this conspiracy, but rather only those acts pertaining to an evolving agreement to sell heroin and cocaine in exchange for cash and weapons to be provided to the AUC. The government will present evidence of each defendant's relationship with the AUC, as it pertains to this conspiracy, without going into other crimes they may have committed pursuant to their relationship with the right-wing paramilitary group.

## LEGAL ANALYSIS

I.  **Heroin and Weapons Evidence is Admissible as Direct Evidence of the Conspiracy.**

Evidence of the defendant's agreement to exchange cocaine and heroin for weapons is admissible as direct evidence of the drug conspiracy, and is not subject to the strictures of Federal Rule of Evidence 404(b). In a conspiracy case, "[a]cts committed in furtherance of the charged conspiracy are themselves part of the act charged," and are admissible as direct or intrinsic evidence of the crime charged. *United States v. Green*, 175 F.3d 822, 831 (10th Cir. 1999). As the Court of Appeals stated in *United States v. Mathis*, 216 F.3d 18 (D.C. Cir. 2000), "[i]n a conspiracy prosecution, the government is usually allowed considerable leeway in offering evidence of other offenses 'to inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationships between the participants in the crime developed.'" Id. at 26 (quoting *United States v. Williams*, 205 F.3d 23, 33-34 (2nd Cir. 2000)). See *United States v. Morrow*, Crim. No. 04-355, Slip

op., 2005 WL 3159572, *6 (D.D.C. April 5, 2005) (J. Kollar Kotelly) (citing cases from other circuits).

Rule 404(b) excludes only evidence "extrinsic" or "extraneous" to the crimes charged, not evidence that is "intrinsic" or "inextricably intertwined." *United States v. Allen,* 960 F.2d 1055, 1058 (D.C. Cir.), cert. denied, 506 U.S. 881 (1992). The Court of Appeals has defined intrinsic other crimes evidence this way:

> "Evidence of criminal activity other than the charged offense is not considered extrinsic if it is an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, if it was inextricably intertwined with the evidence regarding the charged offense, or it is necessary to complete the story of the crime of trial . . ."

*United States v. Badru,* 97 F.3d 1471 (D.C. Cir. 1996).

The Fourth Circuit has similarly defined intrinsic other crimes as "evidence of crimes that arose out of the same series of transactions as the charged offense or that are necessary to complete the story of the charged crime." *United States v. Chin,* 83 F.3d 83, 88 (4th Cir. 1996, citing *United States v. Kennedy,* 32 F.3d 876 (4th Cir. 1994); *United States v. Washington,* 12 F.3d 1128, 1134-35 (D.C. Cir. 1994) ("Moreover, 'Rule 404(b) excludes only evidence 'extrinsic' or 'extraneous' to the crimes charged, not evidence that is 'intrinsic' or 'inextricably intertwined.' Fed. R. Evid. 404(b), Advisory Comm. Note regarding 1991 Amendment ("The amendment does not extend to evidence of acts which are 'intrinsic' to the charged offense [citation omitted].")).

It has further been held that "conduct during the life of the conspiracy that is evidence of the conspiracy is not Rule 404(b) evidence," *United States v. Pace,* 981 F.2d 1123, 1135 (10th Cir. 1992)(evidence of co-defendants drug sale admissible against defendant because direct evidence of conspiracy); *United States v. Abrego,* 141 F.3d 142,

175 (5th Cir. 1998)(evidence that defendant ordered a number of murders was intrinsic evidence and not evidence of "other crimes" where committed in furtherance of charged drug conspiracy).

In *United States v. Badru*, 97 F.3d 1471 (D.C. Cir. 1996), the defendants were charged with conspiracy to possess and distribute heroin. The defendants argued that the court erred in allowing the government to introduce evidence of their involvement in smuggling heroin from Nigeria into the United States due to the fact that the evidence should have been excluded as extrinsic evidence of prior bad acts under Rule 404(b) of the Federal Rules of Evidence. The court held that the evidence was intrinsic to the charged offenses and therefore not within the proscription of Rule 404(b). *Badru* 97 F.3d at 1474. The court stated that the defendants "had to obtain heroin from a source before they could distribute it." *Id.* The evidence was offered as part of the conspiracy alleged in the indictment and therefore was admissible under Rule 404(b) because it was not an "other" crime.

As the defendant himself states in his *Request for Notice of Government's Intention to Use Rule 4040(b) Evidence at Trial*, "the defendant(s) are charged with … participating in a lengthy and complex series of dealings in which the government contends that they attempted to sell drugs to a Las Vegas Contact." Def. Mot. The planned exchange of both heroin and cocaine for weapons was inextricably intertwined with the overall charged conspiracy to distribute cocaine, intending or knowing it would be imported into the United States.

Respectfully Submitted,

_____
James A. Faulkner
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Ave., NW 8th Floor
Washington D.C. 20005
202-514-0917

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this pleading was delivered to all parties via ECF on this date, April 5, 2008.

_____
James A. Faulkner