UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR. NO. 06-101-01 (GK) |
| HAROL RODRIGUEZ SUAREZ-GARCIA | : | |

### DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S REQUEST TO INTRODUCE EVIDENCE PURSUANT TO FRE 404(b) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

The defendant, through undersigned counsel, pursuant to the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, and the due process clause of the U.S. Constitution, respectfully opposes the government's recent announcement of it's intention to introduce "other crimes evidence" against the defendant. In support of his request, the defendant states the following:

1. The defendant has been charged in connection with a conspiracy to sell drugs, or exchange drugs for weapons. While the drugs discussed were allegedly bound for the United States, no drugs were ever distributed. All of the events occurred in either South or Central America between 2004 and 2006.

2. By order of the court, the government was required to broadly disclose evidence that it sought to admit pursuant to FRE 404(b) by June 23, 2008. The government's disclosure revealed that its informant,[1] and likely principal witness, has indicated that he had met Suarez-Garcia in

---

[1] During the investigation, the informant was known as "Carlos" and shall be referred to by that name in this pleading.

1

1998 when he (Carlos) and Suarez-Garcia, were involved with a South American drug organization that was involved with drug dealing and gun running. The government is apparently not alleging that this entity and has any relation to the conspiracy that is presently being prosecuted.

    3. Although questions remain regarding when the informant first revealed this "coincidence " to his DEA "handler" or any other government agent, the defendant would argue that the government should not be permitted to introduce such evidence or testimony in its case in chief.  The admission of this evidence is neither "intrinsic" to the offense or within the scope of FRE 404(b).

    4. With respect to any argument that the alleged 1998 conduct is *intrinsic* to the offense is undercut by the applicable case law.  Prior to 2000, this Circuit followed the majority rule treating uncharged acts which were "inextricably entwined" with charged offenses as exempt from a Rule 404 analysis. See United States v. Badru, 97 F.3d 1471, 1474 (D.C. Cir. 1996); United States v. Washington, 12 F.3d 1128, 1135 (D.C. Cir. 1994); United States v. Allen, 960 F.2d 1055, 1058 (D.C. Cir. 1992)(per curiam).  In Badru, the court ruled that uncharged crimes regarding obtaining drugs fro distribution were intrinsic to the later charged distribution of the drugs.  In Washington, the court ruled that evidence of a false identity to obtain medical treatment for an injured arm the day after a drug deal and high speed chase, was intrinsic to the offense where the injury occurred during the chase. In Allen, the court concluded that the act of one co-defendant in watching another co-defendant make a charged drug transaction was intrinsic to the charged drug sale.

    5.  In United States v. Bowie, 232 F.3d 923 (D.C. Cir. 2000), the circuit court substantially narrowed its basis for admitting uncharged acts as "intrinsic" to the offense.  The court rejected

the "inextricably intertwined" test as unhelpful and circular. *Id*. At 928. The court explained that "there is no general 'complete the story' or 'explain the circumstances' exception to Rule 404(b) in this circuit." The court explained the new, more narrow test: "if the evidence is of an act that is part of the charged offense, it is properly intrinsic. In addition, some uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they *facilitate* the commission of the charged crime. Thus, under the new test, a court may admit evidence of uncharged acts as intrinsic if it is "offered as direct evidence of a fact in issue, not as circumstantial evidence requiring an inference regarding the character of the accused." United States v. Alexander, 331 F.3d 116 (D.C. Cir. 2003). The time separation between the two alleged conspiracies and their lack of relationship pushes the evidence outside any claim that it is intrinsic.

6. Consequently, the government must necessarily rely on FRE 404(b) as its basis of admissibility. The court is well familiar with the standards and law surrounding FRE 404(b) analysis, and the required balancing test. The defendant will, consequently, dispense with explaining the law to the court.

7. From the defendant' perspective, the government has now come forth -at an extremely late time- and claimed that their informant knew the defendant and, what's more, knew him to be a drug dealer. Certainly, the defendant was never prosecuted in connection with that second conspiracy, and the defense -at this time- has not information at all, other than the government's proffer in its Rule 404(b) notice, concerning its operations. The defense has no idea if there was ever a prosecution in this country, or in any other, concerning the alleged wrongdoing. Consequently, from the defense prospective, there is nothing to demonstrate that the proffered

evidence meets any standard of evidentiary reliability that would make it admissible.[2]

8. Assuming that the evidence is reliable enough for admissibility, the defendant would submit that it still would not survive the balancing test of FRE 404(b). The motive and /or intent for selling drugs or trading such for weapons is obvious. The defendant has been video taped, photographed, recorded, and arrested during the negotiations. Identity is hardly in issue. The evidence serves no purpose other to show that the defendant has the propensity to commit the crime with which he is charged. For that reason, and others to be adduced at any hearing on the motion, the evidence must be denied admission.

9. As an additional matter, and one that will not be briefed at this time, the defense, and now the court, has become aware of the potential that such material is Jencks material concerning the government's key witness. The defendant simply alerts the government and the court at this time that any inspection of the documents should include such an analysis.

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that this honorable court grant him the relief that he seeks.

---

[2] On this issue, the defendant has previously discussed this issue with the government which apparently believes that there is some corroboration for the informant's claim that he knew Suarez-Garcia previously. Most of the corroborating information remains in the informant's case file and has been ruled as undiscoverable. The defendant expects that issues concerning the court's *in camara* inspection of such information, and potential disclosure thereof, will be discussed at the scheduled motions hearing.

Respectfully submitted,

_____/s/_____
Edward C. Sussman No. 174623
Suite 900 - South Building
601 Pennsylvania Avenue N.W.
Washington, D.C. 20004
(202) 737-7110

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a copy of the foregoing was electronically served on all interested parties on this 4th day of July, 2008..

_____/s/_____
Edward C. Sussman